**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0918-18T4

RAYMOND MOORE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 21, 2019 – Decided November 4, 2019

Before Judges Sabatino and Sumners.

On appeal from the New Jersey Department of Corrections.

Raymond Moore, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Raymond Moore, a prisoner at Bayside State Prison, appeals an October 5, 2018 final agency decision of the Department of Corrections imposing disciplinary sanctions upon him for committing prohibited act *.203 (the possession or introduction of any prohibited substance such as drugs, intoxicants or related paraphernalia not prescribed for the inmate or medical or dental staff). We affirm.

The record shows that on September 20, 2018, a Bayside corrections officer conducted a routine search of the bed area assigned to Moore. During the course of the search, the officer opened Moore's footlocker and discovered a tablet of suspected contraband contained within a folded piece of brown paper inside a rolled-up pair of socks. The tablet was field tested and shown to be Suboxone, a prohibited opioid. Moore does not assert he was authorized to possess Suboxone.

Moore was accordingly charged with a violation of *.203. After several postponements, a disciplinary hearing was conducted, at which Moore had the assistance of a counsel substitute and pled not guilty. He declined the opportunity to cross-examine witnesses.

After considering the proofs, the disciplinary hearing officer found Moore guilty of the *.203 charge. Moore was sanctioned to 120 days of administrative

A-0918-18T4

segregation, 120 days loss of commutation time, 15 days loss of recreation privileges, 365 days of urine monitoring, and permanent loss of contact visits.

Moore administratively appealed the hearing officer's determination. On October 5, 2018, an Assistant Superintendent upheld the guilty finding and the sanctions.

The core issue Moore raises on appeal is that he was allegedly deprived of due process because the Department was unable to produce a video that Moore alleges would show that his locker did not have a lock attached to it. He claims such a video would have shown his locker could have been accessible to other inmates, who might have stuffed the non-permitted drug there. Moore argues the Department unconstitutionally and arbitrarily failed to fulfill his request to have the video obtained and presented at the hearing.

The Department asserts that it undertook a search for the video. However, its Special Investigations Division discovered that the relevant portion of the video was unplayable. The Department also points out that an inmate inventory sheet reflected that Moore owned a lock on the date in question.

The governing law and our scope of review in this prisoner disciplinary matter is clear. It is well established that our courts generally will not disturb the Department's administrative decision to impose disciplinary sanctions upon

3

an inmate, unless the inmate demonstrates that the decision is arbitrary, capricious or unreasonable, or that the record lacks substantial, credible evidence to support that decision. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).

Prisoners in disciplinary matters are afforded only limited procedural protections. McDonald v. Pinchak, 139 N.J. 188, 193-99 (1995). Those limited protections are less than the full spectrum of rights afforded to criminal defendants. See generally Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Avant v. Clifford, 67 N.J. 496, 522 (1975). Those limited procedural protections, which are enumerated in Wolff and Avant, including such things as notice; an impartial tribunal; a timely hearing with a chance for the inmate to obtain the aid of a layperson counsel substitute; a reasonable opportunity to present evidence, to call witnesses, and to cross-examine opposing witnesses; and a reasoned decision supported by substantial credible evidence. Wolff, 418 U.S. at 563-71; Avant, 67 N.J. at 525-32.

The record manifestly reflects all of these minimal protections were afforded to Moore in this case. By all indications, the Department made a diligent effort to obtain and review the video recording that Moore requested.

A-0918-18T4

Unfortunately, the relevant portion of the video was unplayable. There is no proof the Department deliberately mishandled or damaged the video.

It is sheer speculation the video would contradict the Department's proofs of culpability, including the searching officer's account of his examination of Moore's locker and its contents. Further, Moore cites no authority requiring the Department to maintain continuous and evidentially useful video recordings of all activities within the prison walls.

There is ample credible evidence in the record to support the Department's determination. No constitutional deviation occurred.

Apart from what we have already stated, all other arguments Moore raises on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0918-18T4